## KAISER & BROTHER *v.* JOHNSON.

It was erroneous in this case to sustain the demurrer to the plaintiffs' petition. LEWIS, J., dissenting.

Argued February 16, — Decided August 2, 1899.

Action on bond. Before Judge Ross. City court of Macon. June term, 1898.

Kaiser & Brother sued G. C. Johnson, alleging, substantially, in their petition that the defendant, and L. H. Johnson, a non-resident, executed to the plaintiffs a bond in the sum of $10,-000.00, obligating themselves to indemnify plaintiffs to that extent against all loss which they might sustain by reason of their accommodation endorsements of the commercial paper of one Stewart Johnson; that they had been forced to pay to certain named parties upon such endorsements stated sums, amounting to $4,034.35; and praying for a recovery of that sum and

KAISER v. JOHNSON.

interest. The bond, a copy of which was attached as an exhibit to the petition, was as follows:

"State of Georgia—County of Glynn.

"Know all men by these presents, that we, G. C. Johnson, of Macon, Georgia, and L. H. Johnson, of Micanopy, Florida, are held and bound unto A. Kaiser & Brother, a partnership doing business in Brunswick, Ga., and composed of Arnold Kaiser and Michaelis Kaiser, and to both members of said firm, in the sum of ten thousand dollars, for the payment of which we hereby bind ourselves, our heirs, executors and administrators, firmly by these presents, subject to the following conditions, to say—Whereas Stewart Johnson, of said City of Brunswick, who is our brother, is engaged in such business matters as require the employment of a great deal of money to successfully consummate the same, and which money the said Stewart Johnson is compelled to borrow from other persons, as he has it not of his own property, and to borrow the same he must give satisfactory security, personal security being preferred to other kinds; and whereas the said A. Kaiser & Brother have, without receiving any valuable consideration therefor, and simply out of accommodation to the said Stewart Johnson, and at his request and solely for his benefit, offered to become such security, and to endorse such papers for the said Stewart Johnson as they can with safety to themselves and the said Stewart Johnson may request, the said A. Kaiser & Brother being a wealthy firm, and being satisfactory security for any reasonable sum; and whereas the said Stewart Johnson desires the said A. Kaiser & Brother to endorse for him from time to time in various sums as he may need them, but not to exceed in the aggregate the said sum of ten thousand dollars, which said notes, to say, the notes made by the said Stewart Johnson for the purpose of borrowing money or buying property, may be in any form or shape, if they are made by the said Stewart Johnson and endorsed by the said A. Kaiser & Brother, or either or both members of said firm, then such endorsement is contemplated in this bond and protected thereby, and we are liable hereunder for any loss or injury to such endorser or endorsers by reason of such endorsement or endorsements, and all of

which endorsements shall be further provided against by a mortgage from the said Stewart Johnson to the said A. Kaiser & Brother, bearing even date herewith and covering such property as in the opinion of the said Stewart Johnson will protect said A. Kaiser & Brother against such loss or injury as aforesaid:

"Now, therefore, should the said Stewart Johnson fail to pay any said note made by him and endorsed by the said A. Kaiser & Brother or the members of said firm, or either of them, and they or either of them suffer any loss, injury or damage thereby as such endorser or endorsers, and we shall fully indemnify them for any and all such loss, injury or damage, or in case they shall suffer no loss, injury or damage by reason of such endorsements and we shall fully protect them against such endorsements as herein contemplated, then this bond to be void, otherwise of full force and effect. It is understood and agreed by us that this bond shall cover whatever period of time such endorsements continue. And in view of the premises, and in consideration of twenty-five dollars to us paid, we hereby waive any and all homestead and exemption allowed by any law whatsoever as against the obligation herein assumed, it being the intention of this paper to make us surety to the said A. Kaiser & Brother and the said members of the firm for the said Stewart Johnson, to secure them against any and all loss, injury or damage which they may suffer or sustain by reason of any obligation immediate or collateral which they may assume or incur or undertake for the benefit of the said Stewart Johnson as aforesaid and herein contemplated.

"In testimony of all of which we have hereunto set our hands and affixed our seals, this 15th day of September, 1890.

G. C. Johnson. (L. S.)

L. H. Johnson. (L. S.)

"Signed, sealed, and delivered in presence of:

"As to the signature of the said G. C. Johnson:

J. W. Martin. A. P. Findlay, Not. Pub., Bibb Co. (Seal).

"As to signature of L. H. Johnson:

J. A. Siminton. D. A. Miller, Justice of the Peace, 10th Dist., Alachua Co., Fla."

The defendant filed a demurrer to the petition, upon the

grounds that it set forth no cause for action, and because it was a condition precedent in the bond that all the endorsements to be made by Kaiser & Brother for Stewart Johnson should be fully provided against by a mortgage from him to them, of even date with the bond, and covering such property as in the opinion of Stewart Johnson would protect them against such loss as might be occasioned from their endorsement, and that there was no allegation in the petition that such mortgage had ever been taken by the plaintiffs. The demurrer was sustained, and the plaintiffs excepted.

*Goodyear & Kay* and *Bacon, Miller & Brunson,* for plaintiffs.
*Hardeman, Davis & Turner,* for defendant.

FISH, J. The question for our consideration and determination in this case is, whether the petition set forth a cause of action, without an averment that Stewart Johnson had executed a mortgage to the plaintiffs, to secure their endorsements of his commercial paper. We think the petition good without such averment. Considering the contract in its entirety, as set forth in the bond, there is nothing to indicate that Kaiser & Brother undertook to have Stewart Johnson execute to them a mortgage, to secure their endorsements of his paper. As the contract recites, they were to receive no consideration whatever for their endorsements, and were acting "simply out of accommodation to the said Stewart Johnson, and at his request and solely for his benefit." As they were not to be benefited, it is entirely improbable that they should have bound themselves to obtain from Stewart Johnson a mortgage. The contract was signed only by G. C. and L. H. Johnson. They alone undertook to perform its obligations. They were interested in procuring the endorsement of their brother's paper by Kaiser & Brother, and to obtain it obligated themselves to indemnify Kaiser & Brother against loss by reason of such endorsement, and to see, as we construe the contract, that Kaiser & Brother should be further protected against their endorsement by a mortgage from Stewart Johnson to them. The giving of a mortgage by Stewart Johnson to Kaiser & Brother, to further provide against their endorsements for him, did not, therefore,

constitute a condition precedent to the liability of G. C. and L. H. Johnson upon their bond; and the court below erred in sustaining the demurrer.

*Judgment reversed. All the Justices concurring, except Lewis, J., who dissented.*